All concur. Decree so far as appealed from reversed, and matter remitted to Surrogate's Court to be proceeded upon in accordance with per curiam memorandum, with costs to the appellant to abide the final award of costs.

---

FRANCES M. SHERWOOD, Appellant, v. CLAYTON B. SHERWOOD, Respondent.

*Practice — motion to have certain defenses and counterclaims separately tried — laches.*

Application for an order staying the trial of this action pending an appeal from an order of the Supreme Court, made at the Niagara Trial Term denying plaintiff's motion for an order directing that certain defenses and counterclaims be separately tried.

PER CURIAM: We are of the opinion that all of the issues should be tried together. If it is found that the defendant's ancestor was incompetent, or that the contracts were procured by undue influence, it will be unnecessary to try the issues of reformation and as to whether there was a trust. If the finding is against the defendant upon the first two questions, then the same evidence may become relevant upon the other two issues, and that question may be disposed of by the trial judge alone, or with the aid of the verdict of a jury, upon special findings. The decisions cited (*Goss* v. *Goss & Co.*, 126 App. Div. 748; *Johnson* v. *Johnson*, 157 id. 289; *Harrison* v. *Loeser & Co., Inc.*, 164 id. 115) are in cases which arose in counties where equitable issues are not tried at the Trial Term, as is the practice in some of the rural counties in this Department and as may be done in this case in the discretion of the trial judge. Furthermore, the application should have been denied upon the ground of laches. All concur. Motion for stay pending appeal denied.

---

KEZIA HARRINGTON, Appellant, v. MYRNA SCHILLER, Appellant, Impleaded with CHARLES A. WHITE, as Administrator, etc., and Another, Respondents.

Appeal from a judgment of the Supreme Court, entered in the Erie county clerk's office July 23, 1918.

PER CURIAM: On the merits, we see no ground for disturbing the decision of the trial court. On the question of the testimony of Myrna Schiller, excluded under section 829 of the Code, we think the ruling was correct, both because she was a party to the action by her answer supporting plaintiff's claim, so that the testimony was offered in her own behalf, as well as in behalf of the plaintiff, her transferee, and also because she was interested in the result to sustain against the administrator plaintiff's and her right to the $3,000 realized from the check of Addie N. Schiller to her. All concur, except Hubbs, J., who dissents. Judgment affirmed, with costs.

---

GEORGE SCHAICH, Respondent, v. SIDNEY I. ADAMS and Another, as Executors, etc., of REUBEN A. ADAMS, Deceased, and Another, Appellants.— Judgment and order affirmed, with costs. All concur, except Foote, J., not voting.

GEORGE W. SCHAICH, Respondent, v. SIDNEY I. ADAMS and Another,

as Executors, etc., of REUBEN A. ADAMS, Deceased, and Another, Appellants. — Judgment and order affirmed, with costs. All concur, except Foote, J., not voting.

FRANK B. RADICE, Respondent, v. THE NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, CONNECTICUT, Appellant.— Judgment affirmed, with costs, upon the authority of *More* v. *Continental Ins. Co.* (169 App. Div. 914; affd., 222 N. Y. 607). All concur.

COUNTY OF CHAUTAUQUA, Appellant, v. LUTHER S. LAKIN, JR., Respondent.— Order affirmed, with ten dollars costs and disbursements. All concur, Lambert, J., not sitting.

HARRY R. GREGORY, Appellant, v. DIRECTOR GENERAL OF RAILROADS, Respondent.— Order affirmed, with ten dollars costs and disbursements. All concur.

In the Matter of the Judicial Settlement of the Accounts of JAMES J. McCROHAN and Others, as Executors, etc., of MARY McCROHAN, Deceased, Respondent. JAMES J. McCROHAN, Appellant.— Order modified by striking out the provision for taking the testimony of certain persons therein specified and in lieu thereof providing that either party may offer such evidence upon the value of the services as he may be advised; and as so modified the order is affirmed, without costs of this appeal to either party. All concur.

In the Matter of the Application of GEORGE F. WEICK, Respondent, for the Removal of ULYSSES S. McCORMACK and AUTO CLUB GARAGE, INC., Appellants, from Certain Premises in the City of Buffalo.— Order affirmed, with costs. All concur.

JOHN J. SHERLOCK, Appellant, v. MICHAEL LEMP, Respondent.— Order of County Court reversed and judgment of Municipal Court affirmed, with costs in this court and in the County Court to the plaintiff. All concur.

DELOS CORNELL, Appellant, v. JULIAN ROFF, Respondent.— Judgment reversed and new trial granted, with costs to appellant to abide event. Held, that the plaintiff made out a *prima facie* case. All concur.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. EQUITABLE LIFE ASSURANCE COMPANY, Respondent, v. HORACE G. PIERCE and Others, as Commissioners, etc., Appellants.— Motion for leave to appeal to Court of Appeals granted.

MICHAEL BYRNES, Appellant, v. THE STATE OF NEW YORK, Respondent.— Motion for leave to appeal to Court of Appeals denied, with ten dollars costs.

ANNA PALLOCCO, as Administratrix, etc., of JOSEPH PALLOCCO, Deceased, Respondent, v. LEHIGH VALLEY RAILROAD COMPANY, Appellant.— Order affirmed, with ten dollars costs and disbursements. All concur.

HERBERT S. SISSON, as State Commissioner of Excise of the State of New York, Respondent, v. FIVE BARRELS OF WHISKEY, FRANK J. BROWN, Claiming, Appellant.— Judgment and order affirmed, with costs. All concur.

UNITED STATES CASUALTY COMPANY, Respondent, v. EDWARD K. FENNO, Appellant.— Judgment and order affirmed, with costs. All concur.

JOSEPH SANESI and Another, a Copartnership, etc., Respondents, v. WESTERN UNION TELEGRAPH COMPANY, Appellant.— Judgment affirmed, with costs. All concur.